UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| CHRISTIAN MARCUM<br>598 Sharon Lane<br>Hamilton, OH  45013 | : <br> : <br> : | <br><br>CASE NO. 1:13-cv-770 |
| Plaintiff | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| EMCOR GROUP, INC. EMPLOYEE<br>WELFARE PLAN<br>R. Kevin Matz<br>301 Merritt Seven, 6th Floor<br>Norwalk, CT  06851 | : <br><br><br><br><br>: | <br><br><br><br><br>**COMPLAINT** |
| and | : <br><br>: | |
| PRUDENTIAL INSURANCE COMPANY<br>OF AMERICA<br>751 Broad St.<br>Newark, NJ  07102 | : <br><br><br>: | |

Now comes the Plaintiff, Christian Marcum, by and through counsel, and for her Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, the Plaintiff, Christian Marcum, asserts a claim for group disability benefits available under a Plan provided for the employees of Emcor Group, Inc. which is known as Emcor Group, Inc. Employee Welfare Plan (hereinafter referred to as "the Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file

with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff Christian Marcum seeks an award of disability benefits, including disability income benefits, pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Emcor Group, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated and she could no longer work. Plaintiff is now disabled. Venue is proper in the Southern District of Ohio because Plaintiff is located in Hamilton, Butler County, Ohio.

5. At all times relevant hereto, the Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7). This claim is for benefits under the foregoing Plan.

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Prudential Insurance Company of America (hereinafter Prudential).

## STATEMENT OF FACTS

7. Plaintiff was a full time employee of Emcor Group, Inc. and actively engaged in employment until October 8, 2011. At that time, she ceased working due to

status post left total hip replacement with recurrent hip dislocations. Due to her illness, Plaintiff has not engaged in any substantial gainful activity since October 8, 2011.
.

8. Plaintiff made an application for benefits upon her departure from work and short-term disability benefits were approved and paid for the time period of October 9, 2011 through January 6, 2012 (90 days).

9. Long-term disability benefits were scheduled to begin on January 7, 2012. Prudential approved Plaintiff's application for long-term disability benefits and paid benefits through September 1, 2012, for an inability to perform her "own occupation" as an "Operations Coordinator."

10. Prudential issued a denial of long-term disability benefits dated September 10, 2012. Ms. Marcum appealed this decision on her own and Prudential issued a second denial of benefits dated January 14, 2013.

11. In February 2013, Plaintiff hired your undersigned to prepare an appeal to the January 14, 2013 denial.

12. On July 17, 2013, an appeal was submitted to Prudential on behalf of Ms. Marcum. This appeal included a formal appeal letter, a two day Functional Capacity Evaluation (FCE), updated medical records, statement of Plaintiff and a vocational opinion report. (Appeal letter attached as Exhibit A) The Functional Capacity Evaluation completed by Plaintiff was performed over a two day period. The test was administered by a physical therapist with over 25 years of experience. Dr. Wickstrom put the Plaintiff through actual work demand testing. The testing revealed that the Plaintiff had less than sedentary work capacity.

13. In response to the FCE that resulted in findings of below sedentary work capacity, Prudential did three things: 1) Peer Review; 2) Independent Medical Examination; and 3) Surveillance.

14. The peer reviewer, Steven Lobel, M.D., opined that, "based on Ms. Marcum's failed hardware resulting in recurrent dislocations she would require the need

to adjust her sitting, standing and walking activities." He identified restrictions as follows: 1) sitting for 30 minutes at a time (than stand and stretch for one minute, if needed), for up to eight hours in an eight hour workday; 2) standing and walking (combined) 20 minutes at a time, for up to two hours in an eight hour workday; 3) stair climbing one to two flights three times daily; 4) lifting and carrying up to 10 pounds frequently and up to 20 pounds occasionally; 5) occasional bending, no more than 60 degrees and occasional twisting. No crawling, stooping, climbing ladders or scaffolds, working at unprotected heights, squatting or kneeling; and 6) upper extremity restrictions and limitations include: pushing and pulling up to 20 pounds frequently and up to 30 pounds occasionally. Overhead reaching is occasional, waist level reaching is frequent and below the waist reaching is occasional. Fingering, grasping, manipulating are without restriction.

15. On October 1, 2013, Plaintiff attended an Independent Medical Examination that was performed by Dr. Arvin Gallanosa, a physician board certified in Physical Medicine & Rehabilitation. The denial letter indicates that one hour and a half was spent reviewing medical records prior to the examination, which lasted twenty-five (25) minutes. The IME was attended by the Plaintiff and her husband, by request, because she needed him to provide support and balance during the testing. (See attached Exhibit B, Affidavit of Christian Marcum)

16. Dr. Gallanosa concluded the following from his 25 minute one-time examination of Ms. Marcum: 1) Ms. Marcum did not use any assistive device during the examination; 2) Ms. Marcum can sit frequently, stand and walk occasionally, lift up to 20 pounds occasionally and 10 pounds frequently, push and pull occasionally, reach occasionally; 3) The opinions expressed by Ms. Marcum's treatment providers are not entirely supported. He states, "Certainly, she does have chronic pain in the left hip due to her multiple hip issues, surgeries and dislocations as noted above. However, as noted by Dr. Lobel, there is no good reason for Ms. Marcum to have problems with her *upper limbs* at all. *Swelling in the left lower limb due to sitting is not a reason for restriction for sitting to be supported*. There is insufficient medical evidence to support total disability, although Ms. Marcum does have impairments as I have noted above." Emphasis added.

17. Dr. Gallanosa, after having seen Ms. Marcum for only 25 minutes, concluded, "In my medical opinion, based on my examination and review of the medical records there is some evidence of symptom magnification and somatic complaints."

18. While attending the Independent Medical Examination, Prudential had surveillance performed.  It was completed on October 1 and October 2, 2013. During the surveillance, Ms. Marcum is noted to have attended the IME and then ate lunch at a local restaurant.  On October 2, 2013, Ms. Marcum was seen taking her son to a music class and eating lunch at a fast food restaurant.  She was out of her home for approximately two hours before returning home.

19. After receiving all of this information, Prudential issued their formal denial on October 16, 2013.  This denial stated, "We acknowledge Ms. Marcum's medical history and documented failed hardware after her THR.  However, this in and of itself does not deem her disabled from working.  Additionally, direct observation confirms Ms. Marcum can function at a sedentary level."

20. The October 16, 2013, denial letter notes that Plaintiff has exhausted her administrative remedies and is able to file a lawsuit under 502(a) of ERISA.

## CAUSE OF ACTION

21. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 20 of the Complaint.

22. Defendant Plan failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying benefits to the Plaintiff contrary to the law and terms of the Plan. The Plan, through its designated fiduciaries, has arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

23. Defendant Prudential has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination.

24. While Defendant Prudential, has the authority to make claims determinations under applicable law and the language of the Policy, Prudential's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo.*

25. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

26. If the Court determines that the arbitrary and capricious standard of review applies to this case, Prudential's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Prudential in the evaluation of evidence. Standards enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by the Prudential and an examination of the record reveals that Prudential's decision to discontinue benefits is not the result of a reasoned process and is, therefore, arbitrary and capricious.

27. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

28. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

29. The disability Plan under which the Plaintiff Christian Marcum was a participant at the time of her disability should be included in the Administrative record filed with this Court as that document sets forth the sole criteria for benefits for the Plaintiff.

30. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan document, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

31. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Christian Marcum, prays for the following relief:

A. That the Court enter judgment in Plaintiff Marcum's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Marcum in an amount equal to the contractual amount of benefits to which Marcum is entitled;

B. That the Court order the Defendants to pay Marcum's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Christian Marcum's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Marcum's benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and that this declaration be perfected by an Order of this Court;

D. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g) and;

E. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 25th day of October, 2013

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd., Suite A
Dayton, OH  45458
Tel: 937-428-9800; Fax: 937-428-9811
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Christian Marcum